UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RACHEL ANN ALONSO,

       Plaintiff,

                                   CASE NO. 1:10-CV-634

v.

                                   HON. ROBERT J. JONKER

COMMISSIONER  OF SOCIAL
SECURITY,

       Defendant.

_____/


## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION


The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 16), the Commissioner's Objection to the Magistrate Judge's Report and Recommendation (docket # 17), and Plaintiff's Response to the Commissioner's Objection (docket # 18).  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision,

> receive further evidence, or recommit the matter to the magistrate
> judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; Recommendation itself (docket # 16); the Commissioner's objection (docket # 17); and Ms. Alonso's response to the objection (docket # 18). The Magistrate Judge found that the ALJ offered insufficient explanation for his decision to discount the opinions of Plaintiff's treating psychiatrist, Dr. Nan Alt. (Report and Recommendation, docket # 16, at 11.) Therefore, the Magistrate Judge recommended that the Court reverse the Commissioner's decision denying benefits and remand the matter under sentence four of 42 U.S.C. § 405(g) for further evaluation of Dr. Alt's opinions. The Commissioner objects, asserting that the ALJ gave a proper reason for declining to give controlling weight to Dr. Alt's opinions. (Obj., docket # 17, at 1.) After de novo review, the Court finds the Magistrate Judge's decision factually sound and legally correct.

The ALJ provides the following discussion of his decision to discount Dr. Alt's opinions:

> I also considered the statement of Dr. Alt in exhibit 24F, including the proposed part "B" functional limitations. But I do not find that the objective record of medical treatment supports such limitations and, thus, assign the statement limited weight. After reviewing the treatment notes of Dr. Alt and the record as whole, I am not persuaded by the degree of limitations proposed.

(A.R. 44.) The ALJ offers no further detail regarding why he concludes that the record does not support Dr. Alt's opinions. The Commissioner argues that the ALJ's explanation is sufficient, emphasizing that an ALJ may discount a treating physician's opinion if the evidentiary record does not support that opinion. (Obj., docket # 17, at 1.) The Commissioner also points to evidence in

2

the record that could support the ALJ's decision to discount Dr. Alt's opinions.  (*Id.* at 2-3.)  The Commissioner's  arguments miss the fundamental point, which is that the ALJ–not the Commissioner's lawyers–has the obligation to articulate good reasons in the first place for discounting a treating physician's conclusions.  The Sixth Circuit has just emphasized this point in reversing a district Court's decision in favor of the Commission.  *See Cole v. Commissioner*, __ F.3d __, No. 09-4309, slip op. at 10 (6th Cir. September 22, 2011) ("This Court has made clear that '[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.'") (quoting *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)).

The ALJ here simply failed to articulate why he found that the record did not support Dr. Alt's opinions.  It is well-established, as the Commissioner notes, that "the [Commissioner] is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence."  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006) (en banc).  But merely stating that the record does not support a treating physician's opinion, without any further explanation or detail, is not enough.  *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) ("A decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'") (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996)).  The Court agrees with the Magistrate Judge that the ALJ did not give an adequate

explanation for not crediting Dr. Alt's opinions regarding the extent of Plaintiff's mental impairments.  The disposition the Magistrate Judge recommends is appropriate.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 16) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED:**

The decision of the Commissioner is **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the opinion of the Court.  On remand, good reasons must be articulated if the decision is not to give Dr. Nan Alt's opinions of Plaintiff's mental impairments controlling weight.  On the other hand, if the Commissioner subsequently determines to give Dr. Alt's opinions controlling weight, and if those opinions include additional functional limitations, then the Commissioner should determine whether such additional limitations erode the occupational base of 90,000 jobs identified in the ALJ's June 24, 2009 decision.

DATED:  September 28, 2011            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE