UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL ANN ALONSO,

        Plaintiff,

Case No. 1:10-cv-634

Hon. Robert J. Jonker

vs.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

                                  /

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's petition for attorney fees brought pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (docket no. 23).

      **I.**      **Background**

The court reversed and remanded this action pursuant to sentence four of 42 U.SC. § 405(g), directing the Commissioner to articulate good reasons not to give controlling weight to the opinions of plaintiff's treating psychiatrist, Dr. Nan Alt. *See* Report and Recommendation (R&R) (docket no. 16) and Order adopting R&R (docket no. 19). Plaintiff now seeks fees under the EAJA in the amount of $4,965.32. Defendant opposes plaintiff's application for EAJA fees because the government's position was substantially justified and, even if the government's position was not substantially justified, plaintiff's counsel's proposed hourly rate of $181.88 is excessive.

      **II.**      **The EAJA**

The EAJA provides in relevant part that:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the

>court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).

>Eligibility for an EAJA fee award in a civil action requires:

>(1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment n the action and be supported by an itemized statement.

*Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990).

The Sixth Circuit has identified three conditions which must be met to recover attorney fees under the EAJA: "1) the claimant must be a prevailing party; 2) the government's position must be without substantial justification; and 3) there are no special circumstances which would warrant a denial of fees." *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *see also Delta Engineering v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). "[U]nder the EAJA it is the government's burden to prove that its position was substantially justified." *United States v. True*, 250 F.3d 410, 419 n. 7 (6th Cir. 2001). "The government's 'position' comprehends both the United States' underlying action and its litigation position." *Delta Engineering*, 41 F.3d at 261. The government's position under the EAJA is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991). "[A] position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* (internal quotation marks omitted). The decision to award fees under the EAJA is independent from the court's review of the merits of the

case, requiring "the court to examine through an EAJA prism both the Government's litigation position and the conduct that led to litigation." *Federal Election Commission v. Rose*, 806 F.2d 1081, 1090 (D.D.C.1986).  In the context of a Social Security Appeal, the fact that the court finds a decision of the Commissioner is not supported by substantial evidence "is not equivalent to a finding that the position of the United States was not substantially justified" under the EAJA. *Couch v. Secretary of Health and Human Services*, 749 F.2d 359, 360 (6th Cir.1984).

### III.  Discussion

This case involves a plaintiff who obtained a sentence-four remand because the ALJ ALJ failed to articulate good reasons for not giving weight to a treating physician's opinions. The ALJ's failure to meet the articulation requirements in a decision "in no way necessitates a finding [that the Commissioner's] position was not substantially justified." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992).  "[A]lthough there may be flaws in an ALJ's decision, which require a reversal of the denial of benefits and a remand for further consideration, this does not automatically mean that the Commissioner's decision to defend the ALJ's decision to deny benefits was not 'substantially justified.'" *Anderson v. Commissioner of Social Security*, No. 98-6284, 1999 WL 1045072 at * 5 (6th Cir. Nov. 12, 1999).  "The issue, when considering the award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Id.* at *4.  *See, e.g., Olive v. Commissioner of Social Security*, 534 F. Supp. 2d 756, 760-61 (N.D. Ohio 2008) ("[a]lthough there were circumstances that led to remand, that does not mean that the government was not justified in defending the ALJ's decision to deny benefits based on the available evidence"); *Diebert v. Commissioner of Social Security*, No. 1:06-cv-612, 2008 WL 190213 at *3 (W.D. Mich. April 25, 2008) (a court's remand to obtain a more complete discussion from the

3

ALJ regarding denial of a claim is not equivalent to a court's finding that the government's position was not substantially justified under the EAJA). On the other hand, the government's position may not be substantially justified if the ALJ's decision is "clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking" to the extent that a reviewing court awards benefits without the necessity of a remand. *Anderson*, 1999 WL 1045072 at \*4, *quoting Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

The ALJ's failure to articulate his reasoning with respect to Dr. Alt's opinion does not, in and of itself, establish that there was no reasonable basis for the ALJ's decision to deny benefits. *See Anderson*, 1999 WL 1045072 at \* 5; *Stein*, 966 F.2d at 319; *Saal v. Commissioner of Social Security*, No. 1:08-cv-347, 2010 WL 27557554 at \*3 (W.D. Mich. June 24, 2010). This is not a case where the claimant presented overwhelming proof of disability. The ALJ found that plaintiff suffered from severe impairments of depression and a panic disorder, but that her other alleged impairments (a benign brain tumor and headaches) did not constitute severe physical impairments under the regulations (AR 40). The ALJ observed that a neurologist found no neurological defects and did not believe that plaintiff's brain lesion had any bearing on her chronic headaches, noting that there had been some modulation of the headaches with medication (AR 43). Plaintiff had a high school education with subsequent job training in computer applications (AR 45, 198). Plaintiff testified that after her last job she took a four-month class at a community college (GRCC) which resulted in a certificate in 2005 (AR 61- 62). Plaintiff alleged a disability onset date of October 2, 2006 (AR 40). That same year, she took Spanish classes (AR 61-62).

Plaintiff also testified regarding her daily activities, stating: that she can dress and shower herself; that she drives (even though her license was suspended for failing to pay tickets);

that she has a lot of responsibilities with the children; that the children have few activities and stay home under the care of either plaintiff or her husband; and that she sometimes cooks, shops and does the laundry (AR 67-71). The ALJ further found that:

> Even with reported assistance from others, claimant appears to perform many routine tasks for her household which is remarkable for its composition of seven minor children. This is incompatible with claimant's testimony that she does nothing and is unable to do anything.

(AR 44).

Although this court was critical of the ALJ's failure to articulate reasons for not giving weight to Dr. Alt's opinions, the ALJ's decision had a reasonable basis in law and fact. *See Real Property Located at 2323 Charms Road*, 946 F.2d at 440. While the ALJ found that plaintiff had some limitations, she could perform a number of activities which were incompatible with her claim of disability. Furthermore, the ALJ took account of plaintiff's psychological limitations by limiting her to perform simple, routine and repetitive tasks (AR 42). Under these circumstances, the government's position in opposing this appeal was substantially justified under the EAJA.

### IV. Recommendation

Accordingly, I respectfully recommend that plaintiff's application for attorney fees pursuant to the EAJA (docket no. 21) be **DENIED**.


Dated:  November 7, 2012              /s/ Hugh W. Brenneman, Jr.
                                      HUGH W. BRENNEMAN, JR.
                                      United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).